# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

ARNOLD JOHNSON, :
:
    Plaintiff, :
:
VS. :
: **7 : 11-CV-88 (HL)**
CO II BOYD, *et al.*, :
:
    Defendants. :

# RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. ▪ 1983 is a Motion to Dismiss filed by Defendants Johnson, Jones, Wiza, Yancy, Weston, and Howell. (Doc. 24). The Plaintiff filed this action on June 24, 2011, raising allegations of deliberate indifference to his safety while confined at Valdosta State Prison. (Doc. 1). Plaintiff alleges that Defendants failed to prevent and intervene in an attack by a fellow inmate. *Id.*

In their Motion to Dismiss, the Defendants maintain that the Plaintiff has failed to state a claim upon which relief can be granted. A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to Araise a right to relief above the speculative level@ *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to Astate a claim to relief that is plausible on its face.@ A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570). A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

It is well settled that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828-829 (1994). To establish a claim of deliberate indifference, Plaintiff must produce "sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.*

In his Complaint, the Plaintiff maintains that on June 23, 2009, he was sharing a cell with Inmate Hanley, who had repeatedly asked Defendant Boyd to allow Hanley to talk with Defendant Jones about moving Hanley into a one-man cell. (Doc. 1-1). Hanley became upset and began kicking a locker box, pulling it loose from the cell wall. Defendant Boyd then called a "code", and the remaining Defendant officers arrived outside the segregation cell door, apparently filming the incident but waiting to enter the cell until more back-up officers arrived. *Id*.

Inmate Hanley attempted to break the window with the locker box, and eventually broke a

2

porcelain sink with the box, throwing pieces of the sink at the cell door and cutting himself with the sink pieces. *Id.* Inmate Hanley then approached the Plaintiff, and "got into it" with Plaintiff, cutting Plaintiff in the face with a piece of the sink after Plaintiff placed Hanley in a headlock. *Id.* The nurse was called and Plaintiff was taken to the medical department to receive treatment. *Id.* Plaintiff maintains that the Defendants "should have come into the room and gotten Inmate Hanley before any of this had happen [sic] with him and I." *Id.*

### *Failure to protect*

"It is not . . . every injury suffered by one prisoner at the hands of another that translates into a constitutional liability." *Purcell ex rel. Estate of Morgan v. Toombs County, Ga.*, 400 F.3d 1313, 1319 (11th Cir. 2005). Plaintiff's allegations do not state a plausible claim for relief based on the Defendants' deliberate indifference to a serious threat of harm from another inmate. Plaintiff does not allege that the Defendants foresaw or knew of a risk posed by Inmate Hanley to the Plaintiff, or that they caused the danger. "[B]oth of [these elements] are required for them to violate the Eighth Amendment", and Plaintiff's failure to allege facts showing that the Defendants were consciously or callously indifferent to a serious risk of harm is fatal to his Complaint. *Smith v. Regional Director of Florida Dep't. of Corrections*, 368 Fed.Appx. 9, 14 (11th Cir. 2010).

Plaintiff alleges that the Defendants should have been able to anticipate that Inmate Hanley would turn physically violent against the Plaintiff as his cellmate. However, the known risk of injury must have been a strong likelihood rather than a mere possibility before an official's failure to act can constitute deliberate indifference. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). "We will not allow the advantage of hindsight to determine whether conditions of confinement amounted to cruel and unusual punishment." *Purcell*, 400 F.3d at 1320. Thus,

Plaintiff's allegations that Defendants should have foreseen the attack by inmate Hanley amount only to a claim for negligence, and a defendant jail official's negligent failure to protect the Plaintiff from a risk of harm will not support a finding of liability under § 1983.  *Farmer*, 511 U.S. at 835-39; *Brown*, 894 F.2d at 1537.  To the extent that the Plaintiff argues that the Defendants were aware of Inmate Hanley's mental issues and propensity for violence, "before Defendants' awareness arises to a sufficient level of culpability, there must be much more than mere awareness of [an inmate's] generally problematic nature. . . . [A] generalized awareness of risk . . . does not satisfy the subjective awareness requirement."  *Carter v. Galloway*, 352 F.3d 1346, 1349-50 (11th Cir. 2003).

Moreover, the Plaintiff's Complaint sets out the arguably reasonable response taken by the Defendants regarding Inmate Hanley's outburst, including calling a "code", initiating filming of the incident, and waiting for backup personnel before attempting to restrain Hanley.  "[P]rison officials ...  may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.  A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety'. . . . [P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishment Clause."  *Farmer*, 511 U.S. at 844-45 (internal citations omitted); *see also Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2011)( "An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk").

*Failure to intervene*

Plaintiff's Complaint sets out what appears to be only a failure to protect claim against the Defendants, as Plaintiff asserts "[t]here was [sic] more than enough officers outside the cell to get

4

this inmate before he attacked me", and maintains that the Defendants should have prevented the attack. (Doc. 1-1, p. 2). To the extent that the Plaintiff also asserts a failure to intervene claim, based on the Defendants' alleged failure to intervene in the altercation between Plaintiff and Inmate Hanley, he has failed to set forth adequate facts to support such a claim.

"Prison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence. . . . However, in order for liability to attach, the officers must have been in a position to intervene." *Terry v. Bailey*, 376 Fed.Appx. 894, 896 (11th Cir. 2010) (*citing Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998)). An officer who fails to intervene in a fight between inmates can only be held liable if he "was physically able and had a realistic chance to intervene and act in time to protect the inmate Plaintiff." *Glispy v. Raymond*, 2009 WL 2762636 (S.D.Fla, Aug. 28, 2009) (*citing Ensley*, 142 F.3d at 1407; *Byrd v. Clark*, 783 F.2d 1002 (11th Cir. 1986)).

Plaintiff herein does not allege facts showing that the Defendants had the opportunity or capability to intervene in the fight between Plaintiff and Inmate Hanley, as Plaintiff states only that the Defendants were "outside of the room with the camera, filming" and provides no reference for how quickly the events unfolded inside the isolation cell. (Doc. 1-1, p.1). Plaintiff details Inmate Hanley's acts of violence, but only the last few of these acts reference interaction with the Plaintiff. Thus, Plaintiff "does not allege facts indicating that the duration of the fight or the position of the guards were such that the guards would have been in a 'position to intervene' . . . [and such a deficiency is] fatal to [Plaintiff's] claim for failure to intervene." *Terry*, 376 Fed.Appx. at 896.

5

*Conclusion*

Accordingly, it is the recommendation of the undersigned that Defendants Johnson, Jones, Wiza, Yancy, Weston, and Howell's Motion to Dismiss (Doc. 24) be **GRANTED** and that this Complaint, as to all Defendants, be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 12th day of July, 2012.

s/  *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb