IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ARNOLD JOHNSON,

    Plaintiff,

v.

CO II BOYD, KILEY JOHNSON, CARLOS JONES, SCOTT WIZA, ANDRE YANCY, ROBERT WESTON, and JESSE HOWELL,

    Defendants.

Civil Action 7:11-CV-88 (HL)

## ORDER

This case is before the Court on a Recommendation (Doc. 33) in which United States Magistrate Judge Thomas Q. Langstaff recommends that the Motion to Dismiss (Doc. 24) filed by Defendants Johnson, Jones, Wiza, Yancy, Weston, and Howell be granted.

Plaintiff filed a Motion for Leave to Amend Complaint (Doc. 36), which the Court will construe as an objection to the Recommendation and a motion to amend. The Court has reviewed the objection and made a *de novo* review of the Recommendation. After careful consideration, the Court finds that the Recommendation should be accepted and adopted. The Motion to Dismiss (Doc. 24) is granted. Plaintiff's objection is overruled. As all of the Defendants were involved in the same incident and Plaintiff did not state a claim against any of them, all of the Defendants are dismissed from the case, including Defendant Boyd.

As for the request to amend, Federal Rule of Civil Procedure 15(a) provides:

> (1)   Amending as a Matter of Course
>
> A party may amend its pleadings once as a matter of course within:
>
> (A)   21 days after serving it, or
>
> (B)   if the pleading is one to which a responsive pleadings is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2)   Other Amendments
>
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(1)-(2).

Plaintiff's motion is untimely under Rule 15(a)(1). As the Defendants have not consented to any amendment, Plaintiff's only means to amend his complaint is by leave of court under Rule 15(a)(2).

The decision whether to grant leave to amend a complaint is within the sound discretion of the district court and is not automatic. Nat'l Serv. Indus., Inc. v. Vafla Corp., 694 F.2d 246, 249 (11th Cir. 1982). "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). "A district court need not,

however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). The Court finds that amendment of the complaint should not be allowed. Plaintiff's request to amend is more a request for discovery. He is not prepared to amend his complaint at this time, but instead wants to gather materials to try and make his case. The Court will not delay the entry of judgment in Defendants' favor so that Plaintiff can attempt to create a claim. It is Plaintiff's responsibility to state a plausible claim for relief in his complaint prior to discovery and he has not done so. Further, Plaintiff waited to file his motion to amend until after the Recommendation to dismiss the complaint was entered, and some eight months after the motion to dismiss was filed. If Plaintiff was allowed to amend at this late date, the Defendants would be put to unnecessary trouble and expense. The Motion to Amend (Doc. 36) is denied.

**SO ORDERED**, this the 16th day of August, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh