IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ARNOLD JOHNSON, | : |
|                Plaintiff, | : |
| VS. | : |
| | :   CIVIL No: 7:11-CV-88-HL-TQL |
| CO II BOYD, *et al.*, | : |
|                Defendants. | : |

## ORDER

Plaintiff Arnold Johnson has filed a motion to proceed *in forma pauperis* ("IFP") on appeal (ECF No. 74) from the Court's July 27, 2015 Order adopting the United States Magistrate Judge's recommendation and granting Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 69). Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1] If the trial court certifies in writing that the appeal is not taken in good faith, however, such appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3) ("A party who was permitted to proceed in

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis . . . unless . . . the district court . . . certifies that the appeal is not taken in good faith[.]"). "Good faith" means that an issue exists on appeal that is not frivolous under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (per curiam) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

While the good-faith test under Section 1915 does not require a preliminary showing of any particular degree of merit, the examining court must at least be able to determine from the IFP application whether the appeal involves legal points arguable on their merits. *DeSantis v. United Techs. Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (citations omitted) (adopting U.S. Magistrate Judge's recommendation's findings as to IFP application). In this case, the Court cannot determine whether Plaintiff's appeal meets the good faith requirements of § 1915 because Plaintiff submitted only information regarding his finances and no information regarding his reasons for appealing. The Court therefore **ORDERS** Plaintiff to supplement his motion to explain his issues on appeal no later than **TWENTY-ONE (21) days** from the date of this Order.

In addition, a prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Although Plaintiff's already-filed motion for leave to appeal *in forma pauperis* included an affidavit supporting

his claim of indigence, Plaintiff failed to submit a complete, certified copy of his prison trust fund account statement. Accordingly, Plaintiff is **DIRECTED** to submit a proper motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement, within **TWENTY-ONE (21) days** from the date of this Order. The Clerk is **DIRECTED** to forward Plaintiff a copy of the account certification form.

Failure to timely comply with this Order may result in denial of Plaintiff's Motion.

SO ORDERED this 28th day of August, 2015.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE