# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

ARNOLD JOHNSON,

    Plaintiff,

v.

CO II BOYD, et al.,

    Defendants.

Civil Action No. 7:11-CV-88 (HL)

## ORDER

Plaintiff Arnold Johnson filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that on June 23, 2009, while incarcerated at Valdosta State Prison ("VSP"), Defendants violated his Eighth Amendment rights by failing to timely intervene when Plaintiff's cellmate attacked him.[1] This case is now before the Court on the Recommendation of United States Magistrate Judge Thomas Q. Langstaff. (Doc. 141). The Magistrate Judge recommends denying Defendants' Motion for Summary Judgment. (Doc. 130). Defendants object, arguing that the Magistrate Judge erred (1) in finding that a genuine issue of material fact remains regarding the reasonableness of Defendants' response to the attack on Plaintiff; and (2) in concluding that Defendants are not entitled to qualified immunity. (Doc. 142). Upon conducting a de novo review of the portions of the Recommendation

---

[1] Plaintiff also asserted a claim under § 1983 for failure to protect from a known risk of injury, which the Court previously dismissed for failure to state a claim. (Doc. 69). The Eleventh Circuit affirmed the dismissal of Plaintiff's failure to protect claim. (Doc. 88).

to which Defendants' object, the Court overrules the objections and **ADOPTS** the Recommendation. The Court **DENIES** Defendants' Motion for Summary Judgment. (Doc. 130).

**I. DISCUSSION**

The Magistrate Judge thoroughly set forth the facts and the procedural history of this case in his Recommendation. Accordingly, the Court will not endeavor to repeat them here.

Defendants' objections to the Recommendation are limited to two points. First, Defendants argue that Plaintiff has failed to establish an Eighth Amendment deliberate indifference claim and that the Magistrate Judge erred in determining that there is any dispute of material fact concerning their intervention between Plaintiff and his cellmate. Second, Defendants contend that the Magistrate Judge erred in denying them qualified immunity, arguing that there is no clearly established body of law that would place them on notice that their conduct was unlawful.

**A.  Failure to Intervene**

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." <u>Farmer v. Brennan</u>, 511 U.S. 825, 828 (1994); <u>see also</u> <u>Harmon v. Berry</u>, 728 F.2d 1407, 1409 (11th Cir. 1984) ("Prisoners have a constitutional right to be protected from violence while in custody."). The Eighth Amendment imposes a duty on prison officials "to protect

2

prisoners from violence at the hands of other prisoners." Id. at 833 (internal quotation marks omitted). "It is not, however, every injury suffered by one inmate at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. Rather, an Eighth Amendment violation "will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond[ ] reasonably to that risk." Marsh v. Butler County, Ala., 268 F.3d 1014, 1028 (11th Cir. 2001) (internal quotation marks and citation omitted).

In order to rise to the level of a constitutional violation, a prison official "must have been deliberately indifferent to a known danger before we can say that [his] failure to intervene offended evolving standards of decency." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (internal quotation marks and citation omitted). To survive summary judgment, a plaintiff must "produce evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation." Goodman v. Kimbrough, 718 F.3d 1325, 1331 (11th Cir. 2013) (quoting Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003)). In the context of a failure to intervene claim, the Eleventh Circuit has held that "[e]ven when an officer is not a participant in the [altercation], he can still be held liable if he fails to take reasonable steps to protect the victim." Ledlow v. Givens, 500 F. App'x 910, 914 (11th Cir. 2012) (citing Skritch v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002)). "The plaintiff

3

has the burden to demonstrate that the defendant was in a position to intervene but failed to do so." Id. (citing Hadley v. Gutierrez, 526 F.3d 1324, 1330-31 (11th Cir. 2008)).

Defendants do not object to the Magistrate Judge's conclusion that Plaintiff met his burden of producing evidence sufficient to establish the objective element that during the altercation with his cellmate he faced a substantial risk of serious harm. Defendants do object to the Magistrate Judge's finding that a material question of fact exists concerning the length of time it took for Defendants to intervene in the altercation and the reasonableness of their response. Defendants argue that the Magistrate Judge erred in ignoring evidence of the reasonableness of their response under the circumstances and that they followed established protocol for responding to inmates fighting. However, the Recommendation very specifically sets forth the steps taken by Defendants in responding to the situation. Rather, it is Defendants' position that ignores Plaintiff's testimony that the officers remained outside of the cell for several minutes, knowing that Plaintiff was under attack yet doing nothing.

The Court concurs with the Magistrate Judge's assessment that, were a jury to credit Plaintiff's testimony, the jury could conclude that Defendants were subjectively aware of the risk faced by Plaintiff and infer that Defendants disregarded that risk by remaining outside of the cell for a number of minutes without intervening. Whether or not Defendants had the opportunity to intervene

4

earlier, and whether the delay in intervening was reasonable, is materially disputed and must be determined by a jury. Accordingly, summary judgment is not appropriate.

    **B.**    **Qualified Immunity**

Qualified immunity offers complete protection for government officials sued in their individual capacities "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Accordingly, qualified immunity "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 555 U.S. 223, 231 (2009). "When properly applied, [qualified immunity] protects all but the plainly incompetent or those who knowingly violate the law." Ashcroft v. al-Kidd, 563 U.S. 731, 743 (2011) (internal quotation marks omitted). Nevertheless, the defense does not protect an official who "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury." Wood v. Strickland, 420 U.S. 308, 322 (1975) (alternation in original).

To receive qualified immunity, the official first must "prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks omitted). Once the official establishes that he was engaged in a "discretionary function," the burden shifts to the plaintiff "to show that the defendant is not entitled to qualified immunity." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004) (emphasis in original). To demonstrate that the official is not entitled to qualified immunity, the plaintiff must show (1) that the official violated a constitutional right; and (2) that the constitutional right violated was "clearly established" at the time of the alleged violation. Saucier v. Katz, 533 U.S. 194, 201 (2001); Holloman, 370 F.3d at 1264.

A plaintiff can demonstrate that the right violated was clearly established in three ways. First, the conduct involved in the case may "so obviously violate[ ] th[e] constitution that prior case law is unnecessary." Terrell v. Smith, 668 F.3d 1244, 1257 (11th Cir. 2012). Second, the plaintiff may show that "a materially similar case has already been decided" at the time of the alleged incident by the United States Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court. Id. at 1255. In assessing whether the law is clearly established, courts ask whether the factual scenario faced by the official "is fairly distinguishable from the circumstances facing a government official in a previous case. If so, the cases are not materially similar and, thus, provide insufficient notice to the official to

6

clearly establish the law." Id. at 1256. And third, a plaintiff may point to a "broader, clearly established principle [that] should control the novel facts." Id. However, the principle must be established with "obvious clarity by the case law so that every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when the official acted." Id. (internal quotation marks and citation omitted).

Here, there is no dispute that Defendants were acting within the scope of their discretionary authority at the time of the alleged attack on Plaintiff. However, Defendants object to the Magistrate Judge's conclusion that the law is clearly established for purposes of qualified immunity that prison officials have a duty to intervene in inmate-on-inmate violence. Defendants suggest that they could not have been aware of the unpublished decisions cited by the Magistrate Judge and point to language from the Eleventh Circuit's remand of this case in support of their position that the holding in Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998),[2] has not explicitly been adopted in situations involving a corrections officer who observes an altercation between inmates.

---

[2] In Ensley v. Soper, the Eleventh Circuit held that an officer has a duty to intervene if he observes a constitutional violation and is in a position to intervene. 142 F.3d at 1407. The Magistrate Judge cited to Ensley in his original Recommendation that Plaintiff's Complaint be dismissed for failure to state a claim for failure to intervene. (Doc. 33). In remanding the case, the Eleventh Circuit in a footnote stated, "While it is well settled that Ensley applies to situations where one officer observes a fellow officer violating a constitutional right, typically by using excessive force, we have not explicitly adopted this

7

Contrary to Defendants' position, the law was clearly established in 2009 that prison officials have a duty to afford inmates reasonable protection from a known danger, including violence exacted by other inmates. The Supreme Court in Farmer plainly articulated that "officials . . . must take reasonable measures to guarantee the safety of the inmates, . . . In particular, as the lower courts have uniformly held, and as we have assumed, prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." 511 U.S. at 832-33 (internal quotation marks omitted); see also Hopkins v. Britton, 742 F.2d 1308, 1310 (11th Cir. 1984) ("when prison officials are or should be aware of a danger posed to an inmate, they are obligated to take all reasonable steps to protect him, and the failure to so may be an actionable constitutional wrong").[3] As the Supreme Court explained in Farmer, "having stripped [prisoners] of virtually every means of self-protection and foreclosed their access to outside aid, the

---

holding in a situation involving an officer observing a fight between inmates." Johnson v. Boyd, 568 F. App'x 719, 722 n.2 (11th Cir. 2014). Yet, the Eleventh Circuit has held that a prison official may be liable under the Eighth Amendment for failing to take reasonable steps to intervene in an inmate-on-inmate assault. See Woodyard v. Alabama Dep't of Corr., 700 F. App'x 927, 933-34 (11th Cir. 2017); Ledlow, 500 F. App'x at 914; Terry v. Bailey, 376 F. App'x 894, 896 (11th Cir. 2012); Murphy v. Turpin, 159 F. App'x 945, 948 (11th Cir. 2005)

[3] Defendants cite to several cases from other circuits in support of their position that there is no clearly established law requiring that an unarmed correctional officer intervene immediately during a violent inmate altercation. (Doc. 142, p. 7). But there has been no suggestion in this case that the response must be immediate, only that the response must be reasonable.

government and its officials are not free to let the state of nature take its course." Id. at 833.

Viewing the facts in the light most favorable to Plaintiff, Defendants were readily aware of the altercation between Plaintiff and his cellmate and the danger the cellmate posed to Plaintiff's safety. Nevertheless, Defendants waited several minutes before entering the cell. Based on these facts, it would be obvious to a reasonable officer that he could be held liable for a constitutional violation for failing, or unreasonably delaying, to intervene while one inmate assaulted another. Defendants accordingly are not entitled to qualified immunity.

## II. CONCLUSION

Having fully considered the record in this case, and after making a *de novo* determination of the portions of the Recommendation to which Defendants object, the Court finds Defendants' objections unpersuasive and agrees with the Recommendation. Accordingly, the Recommendation is **ACCEPTED AND ADOPTED**. The Court **DENIES** Defendants' Motion for Summary Judgment. (Doc. 130). This case shall be placed on the Court's next available trial calendar.

**SO ORDERED**, this 20th day of March, 2019.

> *s/ Hugh Lawson*
> **HUGH LAWSON, SENIOR JUDGE**

aks